UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Elektra Entertainment Group Inc., et al.<br><br>Plaintiffs,<br><br>v.<br><br>Michael Moynihan,<br><br>Defendant. | ) | Civil No. 1:06-cv-00246-ML-LDA<br><br>Judge Mary M. Lisi |

## PLAINTIFFS' WRITTEN STATEMENT

Pursuant to the Honorable Judge Mary M. Lisi's Pre-Trial Conference Notice dated October 2, 2006 Plaintiffs respectfully submit this written statement.

## BACKGROUND

1. Plaintiffs are informed and believe that the Defendant, Michael Moynihan, has violated Plaintiffs copyrights through her repeated uploading, downloading and distribution of Plaintiffs' music without permission. As will be explained below, Michael Moynihan was doing so over the internet using a peer-to-peer ("P2P") file-sharing network.

2. This case involves illegal file distribution using P2P networks. P2P networks are a method used to distribute files from a user's computer to other users on the internet. They can also be used to obtain files from other users. P2P networks are often used to distribute copyrighted material like songs and movies. The basic idea behind P2P networks is to allow people to connect to each other and distribute files or other information. Unlike the World Wide Web (web sites) where data is stored on central web services and users connect to a central web server to download information from the web site, P2P networks allow users to connect to each other and transfer files directly from user to user. The users of P2P networks typically do not know each other nor do they have any relationship outside the peer-to-peer network. The users of the P2P network often think they are anonymous when they distribute files. In reality, they can be identified using the Internet Protocol ("IP") address. The IP address of the computer offering the files for distribution can be captured by a user during a search or a file transfer. That

IP address can be associated with an organization such as, an ISP, business, college or university which can identify the user by the IP address.

3. Every computer or network device directly connected to the Internet must have a unique IP address. To ensure each IP address is unique, a block of IP addresses is allocated to an organization such as an Internet Service Provider, business, college or university. The IP address allocation is done in a highly structured manner with each set of IP addresses (a network) allocated by a single centralized authority. Each organization is then responsible for allocating the addresses to individual devices.

4. To protect its copyrights from this widespread pirating of music, Plaintiffs contract with a third-party, MediaSentry, to gather publicly available information about the various copyright infringers. MediaSentry acts as another user on these peer-to-peer networks ("P2P") networks, identifies various egregious copyright infringers, and begins to collect publicly available information about them from the infringer's own computer. Among other things, MediaSentry obtains the infringer's IP address, information about the files and music available through the P2P network, and downloads several copies of Plaintiffs' copyrighted sound recordings.

**FACTS**

5. In this case, on July 28, 2005, MediaSentry detected the username Defaultuser@Kazaa on the KaZaA P2P network. KaZaA is a popular P2P network over which illegal file sharing is rampant. That username was associated with the IP address 68.1.174.108 2005-07-28 01:43:09. MediaSentry also determined that at that time, the owner of that IP address had made 441 different music files available for illegal copying and distribution over the KaZaA P2P network.

6. Plaintiffs then filed a "Doe" lawsuit against the IP address identified on July 28, 2005, and subpoenaed the Defendant's Internet Service Provider, Cox Communications, Inc.. The ISP identified the owner of the IP address as Michael Moynihan.

7. Plaintiffs then wrote a letter to Michael Moynihan explaining that had been identified as the owner of that IP address July 28, 2005 and attempting to resolve Plaintiffs' claims prior to filing a lawsuit. Early settlement efforts were unsuccessful and thus, on May 23, 2006, Plaintiffs brought this action.

## LEGAL ISSUES

8. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and distribute the Copyrighted Recordings to the public.

9. Plaintiffs are informed and believe that Defendant, Michael Moynihan, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the pubic, and/or make the Copyright Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

10. Plaintiffs are informed and believe that Defendant's acts of infringement have been willful and intentional, in disregard of and indifference to the rights of Plaintiffs. As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights.

Dated: ____October 20, 2006
____________________

Respectfully Submitted,
/s/ James E. O'Neil, Esq.
By: ______________________________

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this __20th day of October, 2006, I mailed a true and accurate copy of the within Plaintiff's Written Statement first class, postage prepaid to Robert B. Jacquard, Esq., 231 Reservoir Ave., Providence, RI 02907.

/s/ James E. O'Neil, Esq.
James E. O'Neil, Esq. (2097)